STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. AP-00-024
AP-00-042
PAF - YOR - 5/30/2000

LISLE EATON, et al.,

     Plaintiffs

    v.

ORDER
AND
DECISION

INH. TOWN OF WELLS, et al.,

     Defendants

In case AP-00-024 the plaintiffs who own multiple lots on Wells Beach have filed an appeal pursuant to the third paragraph of 23 M.R.S.A. §3029 and Rule 80B, M.R.Civ.P. from a condemnation order of the Town of Wells. The condemnation order was dated February 15, 2000 and resulted in the taking by the Town of a temporary easement to facilitate the dredging of Wells Harbor. The term of the easement was for three years and no work could be done during the months of June, July or August. The condemnation order was approved at a town meeting on February 29, 2000 and a certificate of condemnation was signed by the Wells Town Manager on March 30, 2000.

Pursuant to 30-A M.R.S.A. §3102 a municipality may acquire easements by the condemnation procedure used for town ways for the purpose of improving harbor navigation. The questions in this case involve whether Wells could take an easement and whether it followed the proper procedure in doing so.

The Maine Constitution states as Article 1, §21, that, "Private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it." The determination of whether or not a taking should be made is ordinarily a legislative or municipal decision to make and is not for a reviewing court to make. Here the use is for a public purpose, the dredging of Wells Harbor, and there is clearly a rational basis for the finding that the public exigencies require it. See *Ace Ambulance Service, Inc. v. City of Augusta*, 337 A.2d 661,3 (Me. 1975). The Town of Wells has the power to take easement in this case.

The procedures to be followed are set forth at 23 M.R.S.A. §§ 3021 - et seq. The key section is Section 3023 which reads as follows:

A municipality may take property or interests therein for highway purposes if the municipal officers determine that public exigency requires the immediate taking of such property interests, or if the municipality is unable to purchase it at what the municipal officers deem reasonable valuation, or if title is defective.

In municipalities where the municipal officers have the legislative power of appropriation, the municipal officers shall file with the municipal clerk a condemnation order that includes a detailed description of the property interests to be taken, which shall specify its location by metes and bounds, the name or names of the owner or owners of record so far as they can be reasonably determined and the amount of damages determined by the municipal officers to be just compensation for the property or interest therein taken. The municipal officers shall then serve upon the owner or owners of record a copy of the condemnation order and a check in the amount of the damages awarded. In the event of multiple ownership, the check may be served on any one of the owners. Title shall pass to the municipality upon service of the order of condemnation and check or upon recordation in accordance with section 3024, whichever occurs first.

In towns where the town meeting has the legislative power of appropriation, the municipal officers shall file the condemnation order described in the previous paragraph with the town clerk and send a copy to the owner or owners of record by registered mail. No interest

2

shall pass to the town unless an article generally describing the property interest to be taken and stating the amount of damages to be paid has been approved by a duly called town meeting. The town meeting may not amend the article, except to increase the amount of damages to be paid. If the article is approved, a check in the amount of damages authorized shall be served immediately upon the owner or owners of record. In the event of multiple ownership, the check may be served on any one of the owners. Title shall pass to the town upon service of the check or upon recordation in accordance with section 3024, whichever occurs first.

Unless specifically provided in the order of condemnation or unless the property or interests to be taken include land or right-of-way of a railroad corporation or a public utility, title to property taken for town ways after December 31, 1976, shall be in fee simple absolute.

In all proceedings under this section, an award of damages by the municipal legislative body shall be considered an appropriation for that purpose.

The plaintiffs claim that the municipal officers did not file a condemnation order that included a detailed description of the property interests to be taken, which shall specify the locations by metes and bounds. The condemnation order included two exhibits. The first, exhibit A, stated that an easement was taken of Wells Beach and described it by using directions and references to the lands of various property owners. Exhibit B listed 107 parcels using tax map and lot numbers and book and page registry of deeds references. A detailed description was provided but metes and bounds specifications were not. "Metes and bounds" has been defined at page 991 of the *Deluxe Black's Law Dictionary, sixth edition*, as

> The boundary lines of land, with their terminal points and angles. A way of describing land by listing the compass directions and distances of the boundaries. It is often used in connection with the Government Survey System.

In this case the failure to use compass directions and distances of the boundaries is of no consequence. In a typical highway taking a portion of a property

3

owner's land is permanently taken for the widening of or the building of a road. It is important to have a precise description, using metes and bounds, so that it is clear what has been taken and what remains in private ownership. Here a temporary easement of an entire beach has been acquired. The extreme precision that is necessary for a permanent highway taking of full ownership rights is not necessary for a temporary easement to use an entire beach.

The plaintiffs claim that the name or names of the owner or owners of record were not properly identified. One claimed error does not involve them and they have no standing to challenge the claimed inaccuracy. The plaintiffs, who were compensated for the taking of an easement for 30 lots on Wells Beach, claim that they instead own 39. Each lot received $100.00. The plaintiffs could not identify which 9 lots were overlooked and at oral argument rejected the offer of the Town to pay them another $900.00 to resolve the issue. The Town did not admit that it missed any lots but offered the $900.00 as a way of settling that issue. The Town has met the statutory requirement regarding identification of the names of the owners.

I find no merit in the plaintiffs' claim that the taking was done in bad faith and I find no procedural violations which require the condemnation proceedings to be reversed.

In AP-00-042 the plaintiffs brought suit under the second paragraph of 23 M.R.S.A. 3029 to challenge the amount of the damages awarded per lot. At oral argument they indicated that that appeal would be voluntarily dismissed.

4

Wherefore the entry is:

In AP-00-024 judgment for the defendants. All pending
motions are dismissed as moot.


Dated:        May 30, 2000


_Paul A Fritzsche_
Paul A. Fritzsche
Justice, Superior Court


PLAINTIFFS:
ROBERT M A NADEAU ESQ
NADEAU MCGARRY & SMITH
1332 POST RD SUITE 4A
WELLS ME   04090

DEFENDANT:
DURWARD W PARKINSON ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043